## TURNBOW v. PANHANDLE & S. F. RY. CO.

### No. 1896.

Court of Civil Appeals of Texas. Eastland.

April 14, 1939.

Rehearing Denied May 5, 1939.

A. J. Smith, of Anson, and H. F. Grindstaff, of Rotan, for appellant.

Collins, Jackson & Snodgrass, of San Angelo, and Ratliff & Ratliff, of Haskell, for appellee.

FUNDERBURK, Justice.

J. V. Turnbow brought this suit against Panhandle & Santa Fe Railway Company to recover damages for alleged negligence. Although several different grounds of negligence were alleged, the action of the court in instructing a verdict for the defendant appears to be challenged only with reference to one ground of negligence. This was denominated sub-paragraph "(g)" as follows: "That the defendant was negligent through its Section Foreman, I. E. Kelley, after plaintiff had made an unsuccessful pull for the purpose of removing said crosstie and reported to said Section Foreman that it would not move and he could not pull it, in said Section Foreman commanding and directing the plaintiff to pull on the same harder and to pull with a jerk, which of itself constituted negligence on the part of the defendant."

Although a jury was impaneled to try the case, the court, at the close of the tes-

timony introduced by plaintiff, instructed the jury to return a verdict for defendant. From the judgment rendered upon the verdict thus instructed the plaintiff has appealed.

The plaintiff as a witness testified: "I am 43 years of age, and have worked as a section-hand for nine years. I have removed many ties. On the day in question we had with us all the tools generally used in removing ties and I knew how to use those tools. Generally we will dig a ditch beside the ties, bump the tie over into it and pull the tie out and usually when the tie will not slide out after being bumped over we will jack up the rails and pull it out. On the day in question I dug my ditch and Kelley told me to bump it over and pull it out. I bumped it over, took hold of it with a tie-tongs and pulled and it did not come out. I said 'Mr. Kelley, it won't come out.' Kelley then said, 'Pull hard on it, jerk on it, pull it out.' And following his instructions I gave a jerk and hurt my back."

In connection with the above was this significant testimony of plaintiff, which altogether is deemed conclusive against his right to recover:

"Q. Did you know that it was dangerous to pull and jerk on a crosstie like you pulled your second pull on it? A. No, I didn't know I was going to hurt myself. * * *

"Q. If you had known there would have been danger attached to pulling and jerking would you have pulled and jerked on it? A. No, I wouldn't."

 If plaintiff, as he says, could foresee no danger in pulling on the crosstie, as commanded by the foreman, there is not a suggestion in the pleading or evidence, of any reason why the foreman could foresee any such danger. Regardless of the results of plaintiff's efforts to pull the crosstie, made in response to the directions of the foreman, no negligence was chargeable to the foreman, or defendant, unless some injury could reasonably have been foreseen as a natural and probable consequence of such action. If there was no recognition of danger, or anticipation of injury, by the plaintiff, a veteran in the particular employment, then upon the same state of facts there could be no inference of any recognition of danger, or anticipation of injury, on the part of the foreman. Absent the evidence of any fact to support such an inference, the issues of defendant's negligence, and that the alleged negligence was a proximate cause of the injury, were not raised by the evidence.

It is, therefore, our conclusion that the action of the trial court in instructing a verdict for the defendant was correct; that the judgment of the court below should be affirmed; and it is accordingly so ordered.